IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHRISTOPHER SHAWN TUTER                                            PETITIONER

v.                           NO. 2:06CV00143 HDY

LINDA SANDERS, Warden, FCI                                         RESPONDENT
Forrest City, Arkansas

MEMORANDUM OPINION AND ORDER

In July of 2002, petitioner Christopher Shawn Tuter ("Tuter") was sentenced in the United States District Court for the Northern District of Oklahoma to a fifty-seven month term of imprisonment in the custody of the Federal Bureau of Prisons ("BOP") following his conditional plea of guilty to the following:

> a nine-count indictment charging him with one count of possession of a firearm and ammunition after former conviction of a felony, ... six counts of possession of an unregistered destructive device, ... one count of possession of stolen explosives, ... and one count of possession of explosives after conviction of a prior felony, ...

See United States v. Tuter, 65 Fed.Appx. 212, 213, 2003 WL 1923505 (10th Cir. 2003). He subsequently came to be housed in the specific custody of respondent Linda Sanders ("Sanders") at the Federal Correctional Complex - Low in Forrest City, Arkansas.

Tuter commenced the proceeding at bar in June of 2006 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he maintained that he was entitled to transfer to a Residential Reentry Center ("RRC") for at least the last six months of his sentence but that the BOP has refused to transfer him on account of its application of a February 14, 2005, BOP policy governing RRC placement, a policy codified at 28 C.F.R. 570.20 and .21.[1] He asked the Court to declare the policy invalid and direct Sanders to "transfer [him] to a [RRC] for at least the final six months of his sentence." See Document 1 at 9.

In July of 2006, Sanders filed an answer to the petition and supported it with, inter alia, a declaration from James D. Crook ("Crook"), a BOP Supervisory Attorney. His declaration contained the following representations:

> Petitioner has a projected release date of November 19, 2006, via good conduct time. ...
>
> Petitioner's ten percent date, or pre-release preparation date, would be June 22, 2006. ...
>
> Petitioner is currently scheduled to transfer to a RRC in Dallas, Texas on October 19, 2006. ...
>
> Petitioner is scheduled to receive RRC placement.
>
> Petitioner's RRC placement is not connected to the BOP regulations related to ten percent.

---

[1] "Until recently, RRCs were known as Community Corrections Centers ... and commonly referred to as halfway houses." See Gibertson v. Morrison, 2006 WL 2457407 at 1 (D. Minn. 2006).

See Document 7, Declaration of James D. Crook at 2. Sanders asked that Tuter's petition be dismissed.

The Court conducted a thorough review of the record in this proceeding and then caused an order to be entered in which the following findings were made. The Court noted at the outset of the order that the extent to which a prisoner may serve some part of his sentence in community confinement has been the subject of much litigation.[2] Given the often-cited decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), though, the Court found that there was no need to consider the validity of the February 14, 2005, BOP policy governing RRC placement. The policy is invalid, and Tuter's request to declare the policy invalid was therefore denied as moot. The Court then turned to Tuter's request for a transfer to a RRC for at least the final six months of his sentence. In considering his request, the Court opined the following:

---

[2]

The following summary is a good recital of the most recent chapter of that litigation:

> On February 14, 205, the BOP adopted 28 C.F.R. 570.20 and .21, which categorically limited [a prisoner's] eligibility for pre-release to community confinement during the last ten percent of the prisoner sentence being served, not to exceed six months.
>
> On April 6, 2006, the Eighth Circuit declared 570.20 and .21 invalid and in conflict with 28 U.S.C. 3621(b). Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006). The Eighth Circuit held that the BOP may not categorically determine the amount of time that a prisoner will be allowed to spend in community confinement, but in order to comply with 28 U.S.C. 3621(b), must instead exercise its discretion on a case-by-case basis and consider the particular circumstances of the individual prisoner.

See Gibertson v. Morrison, 2006 WL 2457407 at 1 (D. Minn. 2006).

>... Although Tuter is scheduled for RRC placement, Crook's declaration reflects that Tuter will not be receiving RRC placement until October 19, 2006, or a mere one month before his projected release date. Although the BOP is surely not obligated to give every prisoner a full six months RRC placement, <u>Fults v. Sanders</u> requires some showing that the BOP has given every prisoner individual consideration in accordance with the factors identified in 18 U.S.C. 3621(b). [Footnote omitted]. The Court has no idea whether the BOP has given Tuter the required individual consideration.
>
>   The Court also notes Crook's representation that Tuter's RRC placement is "not connected to the BOP regulations related to ten percent." <u>See</u> Document 7, Declaration of James D. Crook at 2. Crook has failed, however, to explain why that it, and the Court certainly does not know why.
>
>   Given the foregoing, the Court orders Sanders to file a supplemental response in which she provides the following: (1) whether the BOP has given Tuter the required individual consideration in accordance with the factors identified in 18 U.S.C. 3621(b) and required by <u>Fults v. Sanders</u> and, if so, to make that representation by affidavit; and (2) why Tuter's RRC placement is not connected to the BOP regulations related to ten percent. Sander is ordered to file a supplemental response by the close of business on September 11, 2006.

Sanders has now filed the required supplemental response. She maintained in the supplemental response that "Tuter's RRC placement is not connected to a BOP regulation relating to 10 percent." <u>See</u> Document 12 at 1. Instead, she maintained that "[t]he <u>Fults</u> case voided the regulation, so the regulation cannot be used in this Circuit." <u>See</u> Document 12 at 1. Sanders supported her supplemental response with a declaration from Susan De La Rosa ("De La Rosa"), a Case Manager at the Federal Correctional Complex in Forest City, Arkansas. In the declaration, De La Rosa made the following representations:

> Mr. Tuter was sentenced in the Northern District of Oklahoma in 2002, and had a Tulsa, Oklahoma release destination.  In 2005, upon Mr. Tuter's request, I initiated paperwork to relocate his release destination from the Northern District of Oklahoma to the Western District of Missouri, so that he could reside with his fiancé.  I was then able to secure … RRC placement for Mr. Tuter in Springfield, Missouri, to commence on or about June 22, 2006, for a November 19, 2006, projected release date.  Mr. Tuter's RRC placement in Springfield, Missouri, to commence on or about June 22, 2006, was approved.
>
> Following approval of the Springfield RRC placement[,] information was obtained from Mr. Tuter that his fiancé had allegedly opened numerous accounts under his name, accumulated over $100,000.00 in debts and filed bankruptcy, all under Mr. Tuter's name.  After this information was received from Mr. Tuter, the U.S. Probation Office in Missouri received a letter from Mr. Tuter's fiance indicating that she feared Mr. Tuter and [feared] for her safety as well as the safety of her children.  The U.S. Probation Office then rescinded the previous approval and denied Mr. Tuter's relocation to the Western District of Missouri.
>
> I then requested RRC placement for Mr. Tuter in the Northern District of Oklahoma, the sentencing district, but then discovered that the Tulsa RRC had closed, diverting all the inmates to other residential [re-entry] centers.
>
> I then attempted to obtain RRC placement for Mr. Tuter in the Oklahoma City area, approximately 90 miles from Tulsa, Oklahoma.  I discovered the Oklahoma City RRC was extremely full and overbooked and that the earliest and closest placement available for Mr. Tuter was 30 days RRC placement in the Dallas, Texas area.
>
> Because 30 days placement in the Dallas, Texas area would not have been of much benefit to Mr. Tuter.  I attempted to and was successful in having Mr. Tuter's RRC placement re-routed to the Oklahoma City area, but I was not able to obtain additional days for Mr. Tuter than the 30 days.

See Document 12, Exhibit 1 at 1-2.

With regard to whether the BOP has given Tuter the required individual consideration, the Court notes that 18 U.S.C. 3621(b)(1)-(5) obligates the BOP to consider the following factors:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence–(A) concerning the purposes for which the sentence to imprisonment was determined to be warrant; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

It is not necessary for the Court to engage in an extensive analysis of whether the BOP has given Tuter the required individual consideration. De La Rosa's declaration clearly establishes that the BOP has given Tuter the required individual consideration. The RRC placement decision made by the BOP may not be what he desires, but Fults v. Sanders does not mandate a certain result. Fults v. Sanders merely requires that he receive individual consideration, something he has received.

The Court was unclear, and therefore requested clarification from Sanders, as to her representation that Tuter's RRC placement is not connected to the BOP regulations related to ten percent. As the Court noted above, Sanders represented that Tuter's placement is not so connected because the BOP regulations in question, i.e., 28 C.F.R. 570.20 and .21, are no longer valid, having been struck down in Fults v. Sanders. Given

Sanders' representation, it is now clear that Tuter's RRC placement is not connected to the regulations related to ten percent simply because those regulations are now invalid. His RRC placement is, however, connected to the factors identified in 18 U.S.C. 3621(b)(1)-(5), factors De La Rosa's declaration makes clear that the BOP considered in making Tuter's RRC placement.

On the basis of the foregoing, the Court makes the following findings and conclusions. First, the February 14, 2005, BOP policy governing RRC placement is invalid; Tuter's request to declare the policy invalid was previously, and is again, denied as moot. His request for a transfer to a RRC for at least the final six months of his sentence is also denied because he has received the required individual consideration in accordance with the factors identified in 18 U.S.C. 3621(b) and required by <u>Fults v. Sanders</u>. Tuter's petition for writ of habeas corpus is denied, and this proceeding is dismissed. All requested relief is denied. Judgment will be entered for Sanders.

IT IS SO ORDERED this __22__ day of September, 2006.

*/s/ H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE